[Crim. No. 500.    Fourth Dist.    Jan. 20, 1947.]

THE PEOPLE, Respondent, v. PRENTISS OLDERSON et al., Appellants.

Crispus A. Wright for Appellants.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendants were charged with the crime of rape by force and violence, alleged to have been committed by each on the night of April 10, 1946. Each of the defendants pleaded not guilty and waived trial by jury. Each was found guilty by the court and sentenced to a term in the state penitentiary. They have appealed from the judgments entered against them, respectively. They also purport to appeal from a "denial of motion for a new trial" on the same date as the judgments. The record fails to show that such a motion was made. The appeal is based entirely on the insufficiency of the evidence.

There is evidence that the prosecuting witness was living with her husband and two children in a trailer near the outskirts of El Centro. During the evening of April 10, 1946, she spent several hours searching for her husband in bars and cafes in El Centro, and in asking friends of his if they had seen him. Toward midnight she started to walk home. The defendants approached in an automobile and stopped, one of them asking her if she wanted to ride. When she did not reply a hand was put across her mouth and another hand was placed around her throat. One of the defendants pushed her into the automobile while another held the door open, and the third was behind the steering wheel. She screamed and was hit in the face. The car was driven out along a country road. When it stopped she opened the door and ran. The defendants caught her and put her back in the car. The car was

then driven to a house in the colored district of El Centro where it stopped for a few seconds. It was then driven back to the same country road and stopped near a canal. The prosecuting witness again got out and was again put back in the car. The car was then driven a short distance along the same road and stopped near a drainage ditch. The prosecuting witness again jumped out and ran, but was grabbed by two of the men and thrown to the ground. Parts of her clothing were torn off and each of the defendants then had sexual intercourse with her. She testified that she screamed and one of the defendants choked her; that after he had completed his act of intercourse he held her down on the ground while another defendant got in position; and that she then ran down the road when the third defendant caught her, beat her about the face, threw her down and proceeded to have intercourse with her. Two of the defendants walked away while the third act was being performed. The defendant Olderson then drove the car back to town and let her out about a block from the trailer court where she lived. She walked directly to her trailer. Her husband was angry because he had found her away from home when he arrived and so, without explaining the matter to him, she went to the phone booth in the trailer court and called the police, who arrived in about five minutes. The officers observed that her mouth was badly bruised, her neck seemed to be injured and her clothes were dirty and disarranged. A doctor examined her the next day and found that she was quite nervous, her face was scratched, there were bruises around her mouth and scratches on her legs. She was confined to her home and a hospital for six days, and two days later she had a miscarriage. Some time after one o'clock on the early morning of April 11, the investigating officers drove out to the place where the complaining witness had said the incidents occurred. They there found fresh car tracks and footprints, and also found torn parts of some clothing which had been worn by the prosecuting witness.

At the trial each of the defendants admitted having had sexual intercourse with the complaining witness on this night and at this location, but each claimed it was with her consent. Appellants' first contention is that absence of such consent was not proved beyond a reasonable doubt. This contention is based entirely upon conflicting evidence and is without merit. There is abundant evidence that she screamed and was struck in the face when she was first forced into the auto-

mobile; that she attempted to run away three times thereafter and each time was caught and subjected to force; that every time she "hollered" she was struck; that she was struck many times that night by the defendants; that her eyes, ears and legs were injured; that her stomach was sore and her injuries caused her to have a miscarriage; and that she was also threatened with other physical violence. The evidence is ample to show the absence of consent. (*People* v. *Lay*, 66 Cal. App.2d 889 [153 P.2d 379].)

■ It is next contended that there is no sufficient evidence of complaint and outcry. It is argued that the fact that the complaining witness failed to make any outcry while she was being taken home after the incidents occurred, and that she made no complaint to anyone from the time she was let out of the car until she reached home, "justifies strong inference that the act was with her consent." Not only would any such an inference merely add to the conflict, but the evidence clearly indicates that no such inference is possible. There was no occasion for her to make any outcry during the trip home. There was no one to complain to at the point where she was let out of the car. She immediately walked the block to her trailer, and from there to the telephone booth where she called the police. No unreasonable delay appears in the making of a complaint. (*People* v. *Bumbaugh*, 48 Cal.App.2d 791 [120 P.2d 703].)

■ The only other point raised is that "the record is replete with evidence of previous unchaste character of prosecutrix." While this may have had a bearing in the trial court, going to the credibility of the witness and the probability of lack of consent, it constitutes merely a part of the conflicting evidence and could not be controlling on this appeal. The trial judge's determination as to the credibility of the witnesses and as to the weight of the evidence is conclusive where, as here, the essential findings are sufficiently supported. The evidence is entirely sufficient to support the judgments.

The judgments are affirmed and the purported appeal from the denial of a motion for a new trial is dismissed.

Marks, J., and Griffin, J., concurred.